IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jay Edward Crawford, | Case No. 4:08 CV 2158 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| J. T. Shartle, Warden, | |
| Respondent. | |

*Pro se* Petitioner Jay Crawford filed this request for a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. §2241. Crawford is currently incarcerated at the Federal Correctional Institution in Elkton, Ohio (FCI Elkton) and claims his Fifth and Fourteenth Amendment rights were violated by Respondent J. T. Shartle, Warden at FCI Elkton. Crawford alleges that evidence used to convict him of a disciplinary infraction was insufficient.

## BACKGROUND

In 2002, Crawford pled guilty to manufacturing a controlled substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). He was sentenced to 96 months in prison.

On August 17, 2007, a correctional officer at FPC Yankton, South Dakota was conducting an area search of the Kingsbury unit. During the course of searching bunks 56-58, the officer discovered a hole behind a baseboard underneath bunk 58. The bunk was assigned to inmates Flannagan and Tanberg. Two plastic bags were found in the hole containing a cell phone and a charger, respectively. Three other inmates lived in the room, including Petitioner.

An incident report was prepared the same date charging Crawford with "conduct which disrupts the orderly running of the institution most like possession, manufacturing, or introduction of a hazardous tool." When confronted by the officer regarding the phone, Crawford stated that, other than living in the room, he knew nothing about the cell phone. The matter was referred to the Disciplinary Hearing Officer (DHO) due to the level of the infraction.

The DHO hearing was held on September 6, 2007. The staff member who represented Crawford stated Petitioner did not have a history of disruptive behavior. He added that, considering how little time remained on Petitioner's sentence, it would not be in his best interest to violate any rule. Below is recount of the testimony Crawford provided the DHO:

> Inmate Crawford acknowledged he understood his rights. He first became aware of the cell phone when the Lieutenant called him to the office and asked him if he had seen it before. He said no, and the Lieutenant said she got it from Flannagan's bunk. He has never seen it. He was told unless Flannagan accepted responsibility for it, they would all get a shot. She told everyone in the room to talk to Flannagan, and that is what they did. He was arrogant about it. Inmate Grant said Flannagan offered him $1000 to say it was his. He asked Flannagan about it and he told him that it was none of his business, and if he need [sic] to tell, then to tell. He told Overia the same thing. It got really uncomfortable in the room. If he would have known about the phone in the room he would have said something about it. There was a phone hid [sic] in the broom closet he uses for work and immediately went to Overia and told him about it to get it away from him. He wanted nothing to do with it. He never seen [sic] this cell phone before and he had not known about it. He only has five months left and there was no way he would do something like that. He is not allowed to pull bunks away from the wall and trim, nor can he chose [sic] to live with, if he could, it certainly wouldn't be Flannagan. He does not know what more he could have done.

(Inc. Rpt. of 8/17/07, ¶ III., B "Presentation of Evidence" - Summary of Inmate statement.) In addition to his representative, Crawford requested the testimony of inmate Grant. He, too, testified that Flannagan offered him money to accept responsibility for the phone. Grant added that "Flannagan said if he got locked-down he would accept responsibility" (Inc. Rpt. of 8/17/07, ¶ III., C. "Witness(es)").

2

In addition to this testimony, the DHO reviewed a memorandum from SIS Lieutenant T. Gray dated August 28, 2007, Crawford's signed statement, a signed A&O Program Checklist, an A&O lesson plan for Correctional Services, a signed inmate Screening Form, and the portion of the A&O Handbook regarding contraband.

On September 12, 2007, the DHO determined that the act had been committed as charged. Crawford was sanctioned as follows: disallowed 40 days Good Time Credit (GTC); forfeited 270 days NVGTC; disciplinary segregation for 60 days; loss of visitation for one year; loss of phone privileges for two years; and recommended for disciplinary transfer. Crawford fully exhausted his administrative remedies.

## ANALYSIS

Petitioner asserts that his Fifth and Fourteenth Amendment rights were violated because the evidence to convict him was insufficient. He argues that rather than giving all the evidence greater weight, the DHO relied heavily upon the statement of the reporting staff. Noting the "conduct violation report is an accusation only . . . not evidence," Crawford complains that the DHO's investigation made no "reference to an investigation file nor a summary of its contents appear in the record" (Doc. No. 1, Petition p. 3). Instead, he believes the DHO based his decision on conclusory written statements that violate the requirements of *Wolff v. McDonnell*, 418 U.S. 571 (1974). He argues there was no confidential information that indicated Crawford had prior knowledge of the phone, nor any "actual evidence." He claims the prison could have traced the phone records in the phone to determine to whom the cell phone belonged.

Crawford concedes he is responsible for policing his living quarters, but maintains he "can not police the area of his cell mates for sanitation or contraband, this would create an unbearable living

3

condition. Petitioner, states that constructive possession does not apply here" (Doc. No. 1, Petition p. 4). Citing "*Smith v. United States*, 809 F.2d 1216 (D.C. 2002)" and "*United States v. Riley*, 357 F.3d 1061 (9th Cir. 2002)," Crawford claims the elements were not in place for constructive possession (Doc. No. 1, Petition pp. 4-5).[1] Moreover, he claims that his case is distinguishable from cases such as *Cowans v. Warren*, 150 F.3d 910, 912 (8th Cir. 1998), where an inmate's retaliation claims were dismissed because the disciplinary acts claimed as retaliatory were imparted as legitimate punishment.

## 28 U.S.C. § 2241

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Although the incident about which Crawford complains took place in South Dakota, Petitioner's custodian is now located within the Northern District of Ohio. As such, this Court has personal and subject matter jurisdiction over his challenge to the Bureau of Prison's decision to impose sanctions that involve the loss of GTC.

### SUMMARY OF THE EVIDENCE

Petitioner claims his rights under the Fifth and Fourteenth Amendments have been violated, but the Petition fails to assert any denial of due process. "It is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by

---

[1] There is no case cited as *Smith v. United States*, 809 F.2d 1216 (D.C. 2002) in any Federal Register. Furthermore, the case caption for 357 F.3d 1061 is *United States v. Delgado,* not *United States v. Riley. Delgado* is inapposite inasmuch as it involved a criminal defendant's appeal wherein he argued his conviction was not supported by the evidence.

the Due Process Clause of the Fourteenth Amendment." *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996) (citation omitted). In *Wolff*, the Supreme Court noted that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556. In *Woodson v. Lack*, 865 F.2d 107 (6th Cir. 1989), the Sixth Circuit outlined what was required to pass due process muster under *Wolff* and its progeny:

> [I]nmates facing loss of good-time credits arising from disciplinary charges for misconduct must be given advance notice of the charges, the opportunity for an evidentiary hearing, a decision by an impartial tribunal and a written statement of reasons.

*Id.* at 109 (*quoting Wolff*, 418 U.S. at 564-67).

Petitioner fails to allege Respondent denied his right to due process. Instead, Crawford contends he should not have been charged with any infraction because the evidence was insufficient. This contention merely amounts to a claim that the DHO's decision was not supported by the evidence.

A federal court's review of the quantum of evidence supporting a prison disciplinary board's decision is limited to determining whether "some evidence" supports the decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The Court is not permitted to re-weigh the evidence presented to the board. *Id*. A prison official's determinations in disciplinary cases must be made quickly and in a highly charged atmosphere. *Id*. The "Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457.

The evidence alleged to have been submitted to the DHO, as confirmed by the disciplinary records and summarized above, reflects that contraband was discovered after a search of Petitioner's room. Although four other inmates were housed in the room, none admitted to ownership of the cell phone or charger until after the incident report was issued. These facts are undisputed. The DHO

5

considered these facts, the statement of Crawford's witness, and the statement of the staff member who represented him. He believed, however, that the greater weight of evidence was given to the statement of the reporting staff, acknowledging the duty and obligation to report the truth and submit accurate statements. Additionally, Bureau of Prisons Program Statement 5270.7 requires that all inmates keep their assigned areas free of contraband. The DHO noted that the cell phone was found in a common area, easily accessible to anyone living in the cell, and "[Crawford's] cell mates also denied ownership, constructive possession applies" (Inc. Rpt. of 8/17/07, ¶ V., "Specific Evidence Relied on to Support Findings"). These facts, combined with the officer's testimony, constitute far more evidence than the minimal amount necessary to convict an inmate of a prison disciplinary infraction in compliance with due process. The DHO's decision satisfies the "some evidence" test of *Superintendent v. Hill*, 472 U.S. at 455.

The *Moore v. Plaster*, 266 F.3d 928 (8th Cir. 2001) case cited by Crawford is clearly distinguishable from his Petition. First, the prisoner in *Moore* alleged disciplinary action was taken in retaliation for exercising a **civil right**. The Eighth Circuit held that the record, as presented on appeal, lacked **any evidence** the disciplinary action was warranted. The Court went on to note that *Moore* was distinguishable, in that regard, from other cases in which courts found at least "some evidence" supported the challenged disciplinary action. *See Earnest v. Courtney*, 64 F.3d 365, 367 (8th Cir. 1995) (officer's affidavit, disciplinary report, and reliable confidential informants were "some evidence" of a rule violation); *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994) (prison officer's undisputed first-hand account of inmate's misconduct was "some evidence" of a violation).

Although the evidence in this case might be characterized as limited, a DHO's finding does not rely on the same amount of evidence necessary to support a criminal conviction, see *Jackson v.*

*Virginia*, 443 U.S. 307 (1979),[2] nor "any other standard greater than some evidence" ordinarily applicable in such a context. Thus, while there was no direct evidence identifying any one of the five inmates as the owner, the record was "not so devoid of evidence" that revocation of GTC was "without support or otherwise arbitrary." *Hill*, 472 U.S. at 457. The record clearly reveals an evidentiary basis for the disciplinary decision.

## CONCLUSION

Based on the foregoing, this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

        s/ *Jack Zouhary*
    JACK ZOUHARY
    U. S. DISTRICT JUDGE

December 10, 2008

---

[2] Only regarding a criminal indictment is it "an essential of the due process guaranteed by the Fourteenth Amendment that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson*, 443 U.S. at 316.